# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

WYATT PURYEAR,                                    )
        Plaintiff,                           )
                                    )
     v.                                          )     CAUSE NO.: 2:11-CV-12-PRC
                                      )
INDIANA PALLET COMPANY,                           )
PREMIER LUMBER COMPANY, INC.,                     )
SERGIO MAGANA, ELSA VARGAS, and                   )
ALEJANDRO MAGANA,                                 )
        Defendants.                          )

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike Affirmative Defenses [DE 31], filed by Plaintiff on October 17, 2011. In the instant Motion, Plaintiff requests that the Court strike a number of Defendants' Affirmative Defenses on the grounds that they are factually and legally deficient as pled. Defendants have not filed a response and the time to do so has expired.

On January 1, 2011, Plaintiff filed a Complaint in this matter. On June 29, 2011, Defendants filed an Answer and Affirmative Defenses.

Federal Rule of Civil Procedure 12(f) provides, in relevant part, that a "court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). "Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading." *Nat'l Accident Ins. Underwriters, Inc. v. Citibank*, 243 F. Supp. 2d 769, 770 (N.D. Ill. 2003) (citing *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir.1991)). However, "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement' of the defense" and "allege the necessary elements of the alleged claims." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989) (quoting Fed. R. Civ. P.

8(a)) (other citations omitted). The affirmative defense must provide enough information such that the plaintiff is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 citation omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The Court will consider each of the challenged affirmative defenses in turn.

## Affirmative Defense No. 1

Affirmative Defense No. 1: Plaintiff's [sic] has failed to state a claim upon which relief can be granted pursuant to Rule 12(B)(6) [sic] of the Federal Rules of Civil Procedure.

Plaintiff argues that this is a bare bones assertion that does not survive scrutiny under the cases requiring heightened pleadings standards. In particular, Plaintiff argues that the first defense includes no indication of how the Complaint is lacking. The Court agrees that this affirmative defense does not comply with the requirements of Federal Rule of Civil Procedure 8 and therefore strikes it. *See, e.g., Visco Fin. Servs. v. Siegel*, No. 08 C 4029, 2008 WL 19000530, at *5, 2008 U.S. Dist. LEXIS 92681, at *13-14 (N.D. Ill. Nov. 13, 2008).

## Affirmative Defense No. 2

Affirmative Defense No. 2: Plaintiff's claim is barred in whole or in part by the applicable statute of limitations.

Plaintiff argues that the second affirmative defense fails to cite to the specific applicable statute of limitations, the time limits in the statute, or the manner in which the statute bars Plaintiff's case. Defendants' bare bones assertion fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief," and therefore this defense is stricken. Fed. R. Civ. P. 8(a); *see also, e.g., Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, No. 07 C 2898, 2009 WL 466802, at *7, 2009 U.S. Dist. LEXIS 14524, at *24 (N.D. Ill. Feb. 23, 2009) (citing cases striking statute of limitations and laches defenses).

## Affirmative Defense No. 4

Affirmative Defense No. 4: Plaintiff has waived his right to sue for back wages.

Plaintiff argues that Defendants fail to explain what exception to the general rule that employees cannot waive their claims for unpaid wages or overtime would apply in this case. The Court agrees that Defendants have failed to give sufficient detail to support an allegation of waiver. *See, e.g., FDIC v. Republic Title Co.*, 2011 WL 1526817, at *2-3, 2011 U.S. Dist. LEXIS 42622, at *6-10, (N.D. Ill. Apr. 20, 2011).

## Affirmative Defense No. 6

Affirmative Defense No, 6: Defendants relied in good faith on written regulations, orders, rulings or interpretations on [sic] the Department of Labor's Wage and Hour division consistent with 29 U.S.C. § 259.

Plaintiff argues that this affirmative defense lacks sufficient factual detail to support allegations of good faith and fails to provide any information as to what Defendants reasonably relied upon. As with the previous affirmative defenses, this defense also fails to survive scrutiny under the cases requiring heightened pleading standards and is therefore stricken. *See, e.g., Renalds v. S.R.G. Rest. Grp., Chi., LLC*, 119 F. Supp. 2d 800, 804 (N.D. Ill. 2000).

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Strike Affirmative Defenses [DE 31]. Defendants' Affirmative Defenses 1, 2, 4, and 6 are hereby **STRICKEN**.

SO ORDERED this 15th day of November, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record